ASKANIA WERKE A. G., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 58546.    Promulgated January 7, 1936.

*H. A. Mihills, C. P. A.*, for the petitioner.
*John H. Pigg, Esq., John W. Smith, Esq.*, and *H. S. Fessenden, Esq.*, for the respondent.

OPINION.

TURNER: Our first inquiry is necessarily directed to a determination of the source of the income derived from the sales outlined in our findings of fact. If the sales were made in the United States, there is no question but that the income, if any, derived therefrom is

subject, under sections 233 (b) and 217 (e) of the Revenue Act of 1926 and sections 231 (a) and 119 (e) of the Revenue Act of 1928, to the Federal income tax.

The petitioner contends that the sales were made in Germany by what are known as c. i. f. contracts. We have previously held that under contracts of that nature, title passes and the sale takes place at the point of shipment, when the seller has loaded the goods on the carrier, secured the insurance, and forwarded to the purchaser the proper shipping documents. *East Coast Oil Co., S. A.,* 31 B. T. A. 558. In support of his contention that we have such sales in this case, the petitioner points to the terms previously recited from the conditions of sale. Attention is also called to the fact that the price quoted to the purchaser in the invoice is in the same amount as the total of the retail price in Germany, transportation costs, insurance, and import duty. It is also insisted that the billing and shipping of the goods in the name of the purchaser are significant.

While these elements are ordinarily present in a sale made under c. i. f. contract, they are not necessarily conclusive, and in our opinion, other facts appearing in the instant case prevent us from concluding that we have such contracts here. The petitioner failed to produce copies of any of the sales contracts. Neither did it offer any copies of the so-called letters of confirmation. Under the circumstances, we must determine the nature of the sales contracts on the basis of such facts as we have. If it had been shown that the conditions of sale were made a part of each contract and the things done were in harmony with the conditions stated therein, we would readily conclude that the contracts were of the nature contended for by the petitioner. The facts as shown by the record are quite different, however, in many important respects. While it does appear that the conditions of sale were transmitted to the purchaser, we have no information whatever as to the importance of these conditions as reflected by the letters of confirmation or the written contracts, if any were executed, and we do know that in numerous cases a statement of conditions was not sent with the letter of confirmation but with the invoice. The invoices on their face negatived any idea that the sales were made under c. i. f. contracts. They specifically stated that the price quoted was f. o. b. Houston, Texas. Furthermore, the invoices did not indicate in any manner whatever that insurance, freight, or import duties were computed separately in making up the f. o. b. prices shown on the invoices. It is also noticeable that there is nothing to indicate that the usual bill of lading or the essential and necessary policy of insurance accompanied the invoice. The nature of the sale is determined by what was finally done and not by conditions which may have appeared in preliminary writings but

not adhered to. *United States* v. *Andrews*, 207 U. S. 229. It is our opinion, on the facts as they appear in the record, that delivery of the goods and transfer of title occurred in Houston, Texas.

Having determined that the sales in question were made in the United States, it is now necessary to consider and dispose of the petitioner's alternative contention with reference to the computation of income. The only books and records kept by Stubbe in the Houston office or by the petitioner in the United States were the cash books showing receipts and disbursements and amounts transmitted to the petitioner's home office in Germany. The respondent found it impossible to make a determination of the petitioner's profits from the sales in the United States from these records and determined the net income to the petitioner therefrom to be 10 percent of the gross sales, the percentage being arrived at on the basis of average profits realized by other foreign corporations engaged in like or similar transactions. The only proof offered at the hearing in refutation of the respondent's determination consisted of certain balance sheets of the petitioner covering its entire financial condition at the beginning and end of the taxable years. We have nothing further. Nothing was offered which gives any indication of the amount of profits, if any, realized by the petitioner from the sales made in the United States.

Under the circumstances, the method followed by the respondent in determining the petitioner's net income appears to us to be proper and reasonable, in the absence of proof on the part of the petitioner showing that it was erroneous.

The remaining question involves the determination of the penalties for failure to file income tax returns. A return for the year 1928 was voluntarily filed by Stubbe in the name of the petitioner corporation. Similar returns for the other two years were filed by him at the instigation of a revenue agent, but subsequent to the filing of the return for 1928. The petitioner denies responsibility for any of these returns, contending that it never at any time filed returns for any of these years for the reason that it was under no obligation to do so. The respondent has determined penalties for the years 1926 and 1927 and has made no claim that a penalty should be imposed for 1928. Under section 3176 of the Revised Statutes, as amended by section 1103 of the Revenue Act of 1926, it is provided that in the case of failure to make and file a return within the time prescribed by law the Commissioner of Internal Revenue shall add 25 percent of the amount of the tax; provided, however, that if a return is afterwards filed and it is shown that the failure to file was due to reasonable cause and not to willful neglect, no such addition shall be made to the tax. In this case the petitioner has denied that the returns filed were its returns, and on its own argument the exception

880

provided by statute which might relieve it of the imposition of the penalties does not apply. Accordingly the determination by the respondent is sustained.

*Judgment will be entered for the respondent.*