ZANDER & CIA, LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket No. 97263. Promulgated June 13, 1940.

*L. G. Lemle, Esq.,* for the petitioner.
*Donald P. Moyers, Esq.,* for the respondent.

OPINION.

ARUNDELL: The question presented for our decision is whether
profits realized by the petitioner, a nonresident foreign corporation,
from its dealings in futures contracts on the New York Coffee and
Sugar Exchange were income from sources within the United States

within the meaning of sections 119 and 231 of the Revenue Act of 1932.

The petitioner offers no evidence that the transactions involved were in the nature of hedges and therefore makes no claim to offset the income here involved against losses sustained by it in the business of coffee exporting. See G. C. M. 18383, 1937–2 C. B. 244.

We think it is plain that the income here in question arose within the United States. It was realized from futures purchase and sale contracts which the petitioner entered into and subsequently liquidated on the New York Coffee and Sugar Exchange. All of the transactions involved took place within this country and the income resulting therefrom clearly had its origin here. *Hubert De Stuers*, 26 B. T. A. 201; *Carding Gill, Ltd.*, 38 B. T. A. 669. See also *Helvering* v. *Boekman*, 107 Fed. (2d) 388.

This conclusion is not affected by the principle that income realized on the sale of property arises at the place where title to the property passes. See *Campania General* v. *Collector*, 279 U. S. 306; *Commissioner* v. *East Coast Oil Co.*, 85 Fed. (2d) 322. The holding of these cases can not be applied to income realized on contracts under which delivery, by custom, is not made of the commodities specified. See *United States* v. *New York Coffee and Sugar Exchange, Inc.*, 263 U. S. 611, 616.

The petitioner argues, nevertheless, that the income here involved, wherever arising, is not taxed by the statute, which specifies in section 119 (a) five categories of income to be treated as originating from sources within the United States, under none of which do the profits here in question fall. The case of *Hubert De Stuers, supra*, is authority for the view which we take here that no exclusive enumeration of the types of taxable income from sources within the United States was there intended and income other than that described which plainly arises within this country is to be taxed without reference to the enumeration. See also *Helvering* v. *Suffolk Co., Ltd.*, 104 Fed. (2d) 505.

Finally, the petitioner contends that Congress has made plain that it did not intend to tax the income here involved by the enactment of provisions in the Revenue Act of 1936 which eliminate from taxation income of the type sought to be reached here.[1] This argument has force only if it was the legislative intention that the later act should be utilized as a clarification of previously enacted statutes. The pertinent congressional reports disclose that it was not the object of Congress, in the enactment of the sections of the 1936 Act on which petitioner bases its argument, to clarify existent laws, but rather to

---

[1] See Revenue Act of 1936, sec. 231 (a) ; Regulations 94, art. 231–3 (a).

**52**

accomplish "a substantial change in our present system of taxing non-resident aliens and foreign corporations."[2] The reasons which are assigned therein for the change convince us further that a clean break with existent law was contemplated:

[Nonresident foreign corporations] will not be subject to the tax on capital gains, including gains from hedging transactions, *as at present*, it having been found impossible to effectually collect this latter tax. It is believed that this exemption from tax will result in additional revenue from transfer taxes and from the income tax in the case of persons carrying on the brokerage business. [Emphasis supplied.]

The case of *Union Internationale De Placements* v. *Hoey*, 96 Fed. (2d) 591, which, in interpreting a somewhat related provision of the 1932 Act (section 211 (b)) used the Revenue Act of 1936 as a guide, is cited by the petitioner in support of the argument with which we have last dealt. That case has no application here. The court there relied on the Congressional Committee reports dealing with the amendment of section 211 (b), which establish that the changed phraseology of the 1936 Act was intended to clarify a phrase used in earlier statutes.[3] Contrasted with that purpose, we have pointed out above that the changed wording of section 231 in the 1936 Act was not intended to be retroactive. Accordingly, the holding of that case does not alter the conclusion which we have reached here.

*Decision will be entered for the respondent.*

---

[2] See Report of Ways and Means Committee, Revenue Bill of 1936, H. R. No. 2475, 74th Cong., 2d sess. (1936), p. 9; Report of Senate Finance Committee, Revenue Bill of 1936, S. R. 2156, 74th Cong., 2d sess. (1936), p. 21.

[3] Report of Senate Finance Committee, Revenue Bill of 1936, S. R. 2956, 74th Cong., 2d sess. (1936), p. 22.   See also *Union Internationale De Placements* v. *Hoey, supra,* p. 593.