VAHRAM CHIMCHIRIAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97510. Promulgated November 29, 1940.

*Henry Ward Beer, Esq.*, for the petitioner.
*Harold F. Noneman, Esq.*, for the respondent.

1438

## OPINION.

LEECH: Respondent has conceded that petitioner is not taxable in respect of income for the years 1936 and 1937 and for the period January 1 to October 24, 1938. The only issue submitted is, then, whether petitioner, a nonresident alien individual, is taxable upon income received during 1933, 1934, and 1935 from the sale of rugs on consignment through a commission merchant located within the United States, where such rugs were purchased by buyers here.

The reason for respondent's concession as to 1936 and 1937 and part of 1938 is that, in section 211 of the Revenue Act of 1936, Con-

gress, convinced of the impracticability of the system for taxing nonresident aliens, created a new taxing scheme for such persons. Report of Committee on Finance (S. Rept. No. 2156, 74th Cong., 2d sess.). The essence of the new scheme was that nonresident alien individuals having no office or place of business in this country should be taxed at a rate of 10 percent on their income from United States sources in so far as that income consisted of interest, dividends, salaries, rents, etc., "or other fixed or determinable annual or periodical gains, profit and income"; and that nonresident aliens engaged in trade or business or having a place of business here should be taxed like everyone else. "Engaged in trade or business within the United States" was defined, however, so as *not* to "include the effecting of transactions within the United States in stocks, securities or commodities through a resident broker, commission agent or custodian."

In other words, from 1936 onward, persons in the situation of petitioner were exempt from Federal income tax.

Petitioner, arguing from respondent's concession and relying wholly on *Union Internationale De Placements* v. *Hoey*, 96 Fed. (2d) 591, takes the position that section 211, especially section 211 (b) of the Revenue Act of 1936, is a mere clarification of existing law and that he is to be similarly exempted as to 1933, 1934, and 1935.

The Report of the Committee on Finance, *supra*, after adverting to the unsatisfactory system for taxing nonresident aliens, does recommend "amendments to section 211 (b) of the House Bill which are intended to clarify the meaning of the phrase 'engaged in trade or business in the United States'." The Circuit Court of Appeals for the Second Circuit, in *Union Internationale De Placements* v. *Hoey*, *supra*, relies on that committee report to support its holding that a foreign corporation, situated similarly to petitioner, is not liable for capital stock tax for the years 1933 to 1935, inclusive. But, right or wrong, that conclusion is not decisive of the present issue.

Petitioner's tax liability for the years 1933 to 1935, inclusive, is governed primarily, of course, by the Revenue Acts of 1932 and 1934. Section 211 (a) of the Revenue Act of 1932 reads as follows: "In the case of a nonresident alien individual who is not a resident of a contiguous country, the normal tax shall be 8 per centum of the amount of the net income in excess of the credits against net income allowed to such individual." Section 212 (a) provides: "In the case of a nonresident alien individual gross income includes only the gross income from sources within the United States." Section 211 (a) of the Revenue Act of 1934 is worded identically with section 212 (a) of the Revenue Act of 1932. The two acts define "gross in-

come from sources within the United States" in the same terms, in section 119 (e), of which the pertinent part is as follows:

* * * Gains, profits and income derived from the purchase of personal property within and its sale without the United States or *from the purchase of personal property without and its sale within the United States*, shall be treated as derived entirely from sources within the country in which sold * * *. [Emphasis supplied.]

The sales of petitioner's personal property, to wit, rugs, upon the gain from which the contested deficiencies and penalties arose, took place in this country. That is the stipulation, and the law. New York Personal Property Law, § 99 (Uniform Sales Act, § 18); 4 Williston on Contracts, §§ 1035–6. As to those transactions, petitioner is thus precisely within the terms of the statute and, in 1933, 1934, and 1935, derived income from sources within the United States, upon which he must pay the taxes and penalties claimed for those years.

There is nothing, either in *Union Internationale De Placements* v. *Hoey, supra,* or in the legislative history of the Revenue Act of 1936 to disturb this conclusion. In the case cited, the court ruled that the capital stock tax there sought to be imposed upon a nonresident corporation was an excise tax upon the privilege of doing business. The carrying on of business in the United States was hence an essential prerequisite to that taxpayer's liability. But we know of no authority for the proposition that, prior to 1936, a nonresident alien individual had to be engaged in business here in order to be taxed. Indeed, all the implications of the authorities are to the contrary. See *Askania Werke A. G.*, 33 B. T. A. 875; reversed on other grounds, 96 Fed. (2d) 717; *Aktieselskabet Det Ostasiatiske Kompagni*, 19 B. T. A. 294; *Hubert de Stuers*, 26 B. T. A. 201. So far as the legislative history of section 211 of the Revenue Act of 1936 is concerned, it is plain to us, and we have already held, that that section made a clean break with existing law. *Zander & Cia, Ltd.*, 42 B. T. A. 50.[1] That being so, even assuming the constitutionality of a retroactive statute, it would require convincing evidence of Congressional intention of retroactive application to support petitioner's position. *Lynch* v. *Turrish*, 247 U. S. 221; *Hassett* v. *Welch*, 303 U. S. 303. Such evidence is wholly absent here.

Petitioner argues on brief that "not a shred of authority exists" for the position we take here. In making this contention he has overlooked the express, unmistakable, unambiguous language of the Revenue Acts of 1932 and 1934.

---

[1] See also 1939 Cumulative Supplement to Paul & Mertens, Law of Federal Income Taxation, pars. 37.15 A to 37.15 K, inclusive.

The penalty for failure to file returns, in the amount of 25 percent of the tax due, is mandatory where no return is filed by the taxpayer, and respondent's action in imposing it for 1933, 1934, and 1935 is sustained. We also sustain his imposition of the 5 percent negligence penalty for those three years, petitioner having offered no proof to show that he was not negligent in his tax conduct or that he did not intentionally disregard rules and regulations.

> *As to the years 1933, 1934, and 1935, decision will be entered for respondent. As to the years 1936 and 1937 and the period January 1 to October 24, 1938, decision will be entered for petitioner.*