Currier Farms, Inc. v. Commissioner. L. W. Currier and Stella M. Currier, Husband and Wife, v. Commissioner.
Currier Farms, Inc. v. Commissioner
Docket Nos. 15400, 15401.
United States Tax Court
1948 Tax Ct. Memo LEXIS 84; 7 T.C.M. (CCH) 677; T.C.M. (RIA) 48188; September 29, 1948
*84 On the facts, held, the extent to which certain payments made by respective petitioners are properly deductible is determined. R. M. Hart, Esq., for the petitioners. Edward L. Potter, Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: These consolidated proceedings involve income and excess-profits taxes and penalties as follows: Docket No. 15400, Currier Farms, Inc., for the fiscal year ended June 30, 1943: Nature of Tax
Deficiency
Penalty
Income
$ 531.22
Excess-Profits
17,380.44
Delinquency Penalty
$4,345.11
Docket No. 15401, L. W. Currier and Stella M. Currier, Husband and Wife, for the calendar year 1943: Nature of Tax
Deficiency
Income
$6,293.06
In Docket No. 15400, in which Currier Farms, Inc., is *85 petitioner, the contested issues are: 1. Whether respondent erred in disallowing deductions for officers' salaries as follows: Pete Scurran
$ 100.00
L. W. Currier
3,613.45
Stella M. Currier
7,500.00
2. Whether respondent erred in disallowing deductions for rent to the extent of $9,967.89, and whether a deduction for rent claimed on the return should be increased by the allowance of $200 additional. 3. Whether respondent erred in failing to exclude from gross income as reported the sum of $246.08, representing soil conservation payments for the year 1942. The respondent now concedes error as to this issue. In Docket No. 15401, in which L. W. Currier and Stella M. Currier are petitioners, the contested issues are: (a) Whether respondent erred in increasing rents for the year 1943 in the amount of $2,394.84 to the extent that there were eliminated the following deductions claimed on petitioners' return against rental income: Interest
$ 25.00
Taxes
15.68
Ditch cleaning
661.50
Total
$702.18
(b) Whether respondent erred in failing to find that petitioners, on a cash basis, made payments in the amount of $1,423.09, representing alleged *86 deductible items incurred by petitioners in their farming operations in the taxable year 1942, which were paid in the year 1943. (c) Whether respondent erred in his failure to find that the following deductible expenses were paid in the year 1942 by Stella M. Currier: Interest
$ 239.99
Taxes
1,004.45
Cleaning draining ditches
112.00
(d) Whether respondent erred in failing to find that the amount of $246.08, representing soil conservation payments, was taxable income in 1943 to L. W. Currier. Petitioners concede that this amount was taxable income to them in 1943. The case was submitted upon oral testimony and exhibits. Findings of Fact As to petitioner Currier Farms, Inc.: Currier Farms, Inc., was incorporated May 5, 1942, under the laws of the State of Florida, for the purpose of conducting farming operations. Its income and declared value excess-profits tax return for the fiscal year ending June 30, 1943 was filed with the collector of internal revenue for the district of Florida at Jacksonville, Florida. On its return petitioner reported officers' salaries in the aggregate amount of $18,786.94, allocated as follows: Pete Scurran
$ 100.00
L. W. Currier
11,186.94
Stella M. Currier
7,500.00
*87 The respondent determined a reasonable allowance for officers' salaries to be $7,500. At a meeting of the board of directors of Currier Farms, Inc., held on May 15, 1942, a resolution was adopted fixing the salaries of its officers as follows: Stella M. Currier, President
$7,500
Pete Scurran, Vice-President
100
L. W. Currier, Sec'y & Treas.
7,500
At a special meeting of the board of directors, held on September 15, 1942, a resolution was adopted cancelling the fixed salary of L. W. Currier and authorizing the payment to him of an amount equal to three-fourths of the net profits determined as provided therein. The farming operations were under the sole supervision of L. W. Currier. He spent most of his time in the fields supervising the planting, harvesting and sale of the respective crops. At the time the corporation was formed, L. W. Currier was considerably in debt due to losses he sustained in his individual operations of the farm in 1942. It was found that the salary of $7,500, originally fixed, would not meet those prior losses. Consequently, at the special meeting of the directors held September 15, 1942, his compensation was fixed on the basis of *88 an amount equal to three-fourths of the profits. A reasonable salary for the services rendered the corporation by L. W. Currier, for the fiscal year ended June 30, 1943, is $7,500. At the first meeting of the board of directors of the corporation, a salary of $7,500 was authorized to be paid to Stella M. Currier. The office of the corporation was in the residence of L. W. Currier, some distance from where the farm was located. Mrs. Currier attended to the banking matters, making deposits and withdrawals, assisted in making up the payrolls and rendered other assistance outside but incidental to the actual farming operations. She also performed her ordinary household duties. A reasonable salary for the services rendered by Stella M. Currier to the corporation is $1,500. The board of directors authorized a salary of $100 per annum to Pete Scurran, a vice-president and director. All the meetings of the stockholders and directors were held at the office of Mr. Scurran. He was a produce man and was frequently consulted by L. W. Currier with respect to carrying on the farming operations. A reasonable salary for the services he rendered to the corporation during the fiscal year ended *89 June 30, 1943, is $100. Currier Farms, Inc., owned no farm land. During the taxable year it farmed 300 acres. It rented 240 acres from Stella M. Currier; 20 acres from C. E. Reidel at a cash rental of $10 per acre; 20 acres from A. M. Kennedy, for which it paid $12 per acre; and 20 acres from Johnson at an undisclosed amount of rental. The corporation had no written lease with Stella M. Currier as to the amount of rental to be paid to her for her 240 acres. Sometime in the Fall of 1942, it was determined that the rental should be on a sharecrop basis of 20 per cent of the gross receipts after deducting harvesting, containers and brokerage costs. The corporation on its return deducted as land rent the amount of $15,113.69. The respondent disallowed as excessive the amount of $9,967.89, with the following explanation: "It has been determined that the deduction claimed for land rental is excessive and there has been disallowed $9,967.89 of the amount claimed in original return. It is held that $5,000.00 is a reasonable allowance for rental of land owned by Mr. & Mrs. Currier. * " *90 The amount of $246.08, received from the United States Government as an allowance for soil conservation, was the individual income of L. W. Currier and was erroneously credited to the corporation. Currier Farms, Inc., failed to file an excess-profits tax return for the fiscal year ended June 30, 1943, within the time prescribed by law. As to petitioners L. W. Currier and Stella M. Currier: Petitioners L. W. Currier and Stella M. Currier are husband and wife. For the calendar year 1943, they kept their books on a cash basis of accounting and filed a joint income tax return on that basis. At the trial petitioners abandoned the assignments of error numbers 4 (a), 4 (b), 4 (e), 4 (f) and 4 (g) of their petition. Under subdivision 4 (c) of their petition, error is assigned that the respondent failed to find deductible expenses paid in the year 1942 of the following amounts: Taxes
$1,004.45
Interest
239.99
Cleaning ditches
112.00
On November 28, 1942, payments aggregating $993.96 were made on account of taxes assessed on lands owned by Stella M. Currier. Assignment 4 (d) of the petition alleges error on the part of the respondent in increasing rents for *91 the year 1943 by disallowing deductions of the following amounts: Interest
$ 25.00
Taxes
15.68
Ditch cleaning
661.18
Petitioners paid these amounts for the respective purposes stated in the taxable year 1943. Assignment 4 (h) claims that petitioners are entitled to a deduction of the amount of $1,423.09, representing payments of indebtedness incurred in farming operations in 1942, but which were not paid until the taxable year 1943. These items were not claimed on the original joint return filed by the petitioners. Between January 9, 1943 and March 23, 1943, payments totaling $1,936.24 were made to the Agricultural Insecticide Co. by Currier Farms, Inc., but were subsequently charged to the individual account of L. W. Currier and credited to the expense account of the corporation. In the taxable year 1943, a check in the amount of $246.08 was received from the United States Government under its soil conservation program, which was erroneously returned as income of petitioner Currier Farms, Inc. Respondent now concedes that this amount was the personal property of petitioner L. W. Currier, and by amended answer requests that the amount of $246.08 be added *92 to the income of petitioners L. W. and Stella M. Currier. The amount of $246.08 constituted income to said individual petitioners in the taxable year 1943. Opinion In these consolidated proceedings all the contested issues present purely questions of fact. They involve the deductibility of amounts claimed to have been made in the taxable year by the corporate petitioner Currier Farms, Inc., and the individual petitioners L. W. Currier and Stella M. Currier. With respect to petitioner Currier Farms, Inc., the issues relate to the reasonableness of salaries paid to its officers and the alleged rental paid to Stella M. Currier for the use of 240 acres upon which the corporation carried on its farming operations. The testimony presented as to each of these issues is inconclusive, indefinite, inconsistent and generally inadequate. Currier Farms, Inc., was a family corporation. Upon this record we find it impossible to conclude that the amounts claimed for salaries paid to officers and the agreement for the payment of rental to Stella M. Currier were arrived at in arm's length transactions. We think it quite evident that the parties were not concerned with reasonable values but rather *93 were intent upon arranging these matters so that the apparent substantial net profit of the corporation would thereby be reduced to a comparatively small amount. We think the salaries fixed at the first meeting of the directors, in the amount of $7,500 to L. W. Currier and of $100 to Pete Scurran, were reasonable compensation for services which they rendered in the taxable fiscal year. Accordingly, we conclude that such amounts are properly deductible by the corporation. The additional amount paid to L. W. Currier is unreasonable and excessive and is disallowed. We find no basis for the amount of $7,500 fixed by th directors as salary for the services of Stella M. Currier. The record establishes that she performed some necessary services. The corporation would have been required to employ someone to do such work as was rendered by Stella M. Currier. We have determined that a reasonable allowance for such services is $1,500, and such amount is a deductible expense. With respect to the amount claimed as rental for the 240 acres of land belonging to Stella M. Currier, the testimony is so confusing and unsatisfactory that we conclude that the respondent's determination as to the rental *94 allowance to her must be and is sustained for lack of proof. Petitioner now claims an additional deduction of the amount of $200 for rent paid which amount it alleges was erroneously charged to "land account". This record contains no proof as to how such amount was actually charged on the corporation's books. The claim for an additional deduction of $200 for rent paid is, therefore, denied. Upon the respondent's concession that the amount of $246.08 received by L. W. Currier as a soil conservation payment was erroneously included in the corporation's gross income for the taxable year, such amount will be excluded in the computation under Rule 50. The respondent asserted a 25 per cent penalty against petitioner Currier Farms, Inc., for failure to file an excess-profits tax return for the fiscal year 1943, pursuant to section 291 of the Internal Revenue Code. The record does not establish that any excess-profits tax return was ever filed. Under the cited section, the imposition of the 25 per cent penalty is mandatory and is, therefore, allowed. Vahram Chimchirian, 42 B.T.A. 1437; affd., 125 Fed. (2d) 746. As to the individual *95 petitioners, the record clearly establishes the payment by them in the taxable year of the following amounts and for the purposes stated: Interest, $25; taxes, $15.68; and for ditch cleaning, $661.50, aggregating $702.18. These amounts are allowed as properly deductible in the taxable year. The record also establishes the payment in the taxable year 1943 of amounts totaling $1,936.24 for insecticides furnished to L. W. Currier in the year 1942. Petitioners claim error in the disallowance of the amount of $1,423.09. Petitioners made no motion to conform the pleadings to the proof. The maximum amount therefore allowable is the sum of $1,423.09 which is held to be deductible by petitioners in the taxable year. With respect to the claim of the individual petitioners respecting the amount of $1,004.45, representing taxes paid; interest payment of $239.99; and ditch cleaning in the sum of $112, aggregating $1,356.44, we conclude that no part of such amounts is deductible in the taxable year. The record establishes that the payments for taxes in the aggregate amount of $993.96 were made in November 1942, on lands owned by Stella M. Currier. Such amounts were deductible in 1942, when paid. *96 No proof was presented that such tax payments were not deducted by Stella M. Currier in the year 1942. As to the interest item of $239.99 and the ditch cleaning item of $112, no proof was offered as to the payment of these amounts. On brief the petitioners appear to have abandoned their claim as to such amounts. We conclude that no part of the items, aggregating $1,356.44, is properly deductible in the taxable year 1943. The soil conservation payment in the amount of $246.08, received in 1943, erroneously reported as corporation income, was the personal property of L. W. Currier, and constitutes additional income to the individual petitioners in the taxable year 1943. It is to be so treated in the redetermination of the deficiencies herein. Decisions will be entered under Rule 50. Footnotes
*. The record contains no explanation of the discrepancy of $145.80 between the amount claimed of $15,113.69 and the aggregate of the amounts set forth in the respondent's determination.↩