ROBERT L. ANTHONY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Anthony v. Commissioner
Docket No. 9401-75.
United States Tax Court
T.C. Memo 1976-302; 1976 Tax Ct. Memo LEXIS 99; 35 T.C.M. (CCH) 1357; T.C.M. (RIA) 760302; September 27, 1976, Filed Robert L. Anthony, pro se. Lowell F. Raeder, for the respondent. FAY
FAY, Judge: Respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions under
Additions under Year
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
1969
$1,025.00
$115.00
$51.00
1970
1,050.00
114.00
53.00
1971
971.00
114.00
49.00
1972
962.00
203.00
48.00
We are to decide whether petitioner is entitled to certain "war crimes deductions" for the years in issue and whether the additions to tax determined by respondent under section 6651(a) and section 6653(a) are proper. Respondent has moved for partial Summary Judgment under *100 Rule 121, Tax Court Rules of Practice and Procedure solely with respect to the propriety of petitioner's "war crimes deductions" for the years in issue. The motion was argued by the parties at a hearing held in Philadelphia, Pennsylvania on June 14, 1976, and petitioner filed a brief in support of his position. Petitioner, Robert L. Anthony, resided in Moylan, Pennsylvania, at the time of filing the petition herein. He filed Federal income tax returns for each of the years in issue with the District Director of Internal Revenue in Chester, Pennsylvania, on March 26, 1974. Briefly stated, petitioner maintains that payment of the amount in issue abridges his religious freedom under the First Amendment of the Constitution and would amount to complicity in alleged violations of international law committed by the United States in Southeast Asia during the years in issue. While we do not question petitioner's sincerity, we have previously considered and rejected his First Amendment argument in Robert L. Anthony,66 T.C. 367 (1976). [2] Questions of standing aside, we find petitioner's argument based on Nuremberg Principles or international law equally unpersuasive. *101 Autenrieth v. Cullen,418 F.2d 586 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970); Abraham J. Muste,35 T.C. 913 (1961); Lorna H. Scheide,65 T.C. 455 (1975); John David Egnal,65 T.C. 255 (1975); cf. United States v. Malinowski,472 F.2d 850 (3d Cir. 1973), cert. denied 411 U.S. 970 (1973). Since no issue of material fact has been presented, respondent's motion for partial summary judgment will be granted. Next, we must decide whether to sustain the additions to tax determined by respondent under section 6651(a) and section 6653(a) and contested by petitioner at a trial conducted on June 23, 1976. Petitioner, through his oral testimony at trial and presentation on brief, represents that both additions to tax were erroneously determined by respondent for the following reasons: (1) *102 his religious tenets and international law constitute reasonable cause under section 6651(a) for his failure to timely file returns for the years in issue; (2) neither petitioner's untimely filing of his returns nor the deductions contained therein justify imposition of the negligence penalty under section 6653(a); (3) in any event, it is improper to impose both penalties upon petitioner for the untimely filing of his returns. Section 6651(a) imposes an addition to tax for failure to timely file a return unless such failure is due to reasonable cause and not due to willful neglect. Section 6653(a) imposes an addition to tax, "if any part of any underpayment * * * is due to negligence or intentional disregard of rules and regulations * * *." We believe that petitioner has failed to carry his burden of proof on both counts. Petitioner's uninformed but good faith belief that his religious convictions or international law relieved him of his duty to timely file returns for the years in issue is insufficient to constitute reasonable cause. Abraham J. Muste,supra;Robert A. Henningsen,26 T.C. 528, 536 (1956), affd. 243 F.2d 954 (4th Cir. 1957). *103 As such belief constitutes petitioner's only justification for untimely filing his returns, we conclude that such failure was due to willful neglect and that petitioner is liable for the addition to tax under section 6651(a). Welch v. Helvering,290 U.S. 111 (1933); Carroll F. Schroeder,40 T.C. 30 (1963). With respect to respondent's determination under section 6653(a), petitioner's good faith alone is likewise insufficient to rebut respondent's determination of negligence or intentional disregard of rules and regulations. American Properties, Inc.,28 T.C. 1100, 1116 (1957), affd. per curiam 262 F.2d 150 (9th Cir. 1958); see United States v. Malinowski,supra.[3] Accordingly, we conclude that petitioner has failed to carry his burden of proof on this issue and is liable for the addition to tax under section 6653(a). Finally, we consider petitioner's argument against the concurrent imposition of both penalties. [4] This Court has previously held *104 that in appropriate cases, imposition of the addition to tax under section 6651(a) does not preclude the concurrent imposition of the negligence penalty under section 6653(a). Robinson's Dairy, Inc.,35 T.C. 601 (1961), affd. 302 F.2d 42 (10th Cir. 1962); Vahram Chimchirian,42 B.T.A. 1437, 1442 (1940), affd. per curiam 125 F.2d 746 (D.C. Cir. 1942). Due to concessions by respondent, Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. In Anthony we held that petitioner lacked standing to raise the issue of his complicity in the alleged crime. In the present case, however, respondent did not affirmatively plead the doctrine of collateral estoppel. See Rule 39, Tax Court Rules of Practice and Procedure.↩
3. See also Robin Harper,T.C. Memo. 1973-214, affd. without published opinion, 505 F.2d 730↩ (3d Cir. 1974).
4. Since respondent cites more than one reason for his assertion of the negligence penalty, we are not herein confronted with the question raised by petitioner of whether both penalties may be based solely↩ on petitioner's failure to timely file his returns.