JERRY J. BREWSTER AND NILA A. BREWSTER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Brewster v. Commissioner
Docket Nos. 6732-76, 6753-76.[1]
United States Tax Court
T.C. Memo 1977-366; 1977 Tax Ct. Memo LEXIS 76; 36 T.C.M. (CCH) 1469; T.C.M. (RIA) 770366; October 17, 1977, Filed Jerry J. Brewster, Nila A. Brewster, pro se. John W. Dierker, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined the following deficiencies, and additions to the tax under sections 6651(a) and 6653(a), [2] in petitioners' Federal income taxes for 1974: Docket No.
Deficiency § 6651(a) § 6653(a)
6732-76 (Jerry)
$1,044.05
$52.20
6753-76 (Nila)
1,298.82
$49.14 [3]
64.94
*77 The issues for decision are: 1. Whether petitioners received $18,724.23 of community property income in 1974, half of which is taxable to each petitioner. 2. Whether any of the numerous constitutional objections raised by petitioners to the filing of a Federal income tax return or payment of Federal income taxes are valid. 3. Whether petitioner Nila A. Brewster is liable for an addition to the tax under section 6651(a) for failure to timely file a Federal income tax return, and whether both petitioners are liable for additions to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. FINDINGS OF FACT At the time they filed their petitions, petitioners resided in Mesquite, Texas. Petitioners filed a Form 1040 for 1974 as married individuals filing jointly in which they listed their dividend and interest income as none, credits as none, and refused to answer all other questions on grounds of self-incrimination. They did, however, seek a refund of the total Federal income tax which had been withheld in 1974. In addition, petitioners attached a long memorandum to their purported return raising a multitude of constitutional issues. *78 In 1974 Jerry received $14,452.90 as salary from Western Electric Company, and Nila received $3,271.56 from Sarah Coventry, Inc. as salary and $999.77 as commissions. In his statutory notices respondent determined that the salary and commissions were community property and determined the above-listed deficiencies. OPINION Petitioners received $18,724.23 in 1974 as salary and commissions. They filed a "tax protestor" return for 1974 in which they failed to disclose any information with respect to their income and sought a refund of the total Federal income tax withheld. The first issue is whether petitioners received community income during 1974, half of which is taxable to each. We have found that in 1974 petitioners, husband and wife, received $18,724.23 in salary and commissions. Under the laws of Texas the personal earnings of a husband and wife during marriage constitute community property. Tex. Fam. Code Ann. tit. 1, secs. 5.01 and 5.22 (Vernon 1975); [4] see also 3 Simpkins, Texas Family Law, par. 15:43, p. 105 (Speer's 5th Ed. 1976). One half of petitioners' total earnings is taxable to each petitioner. Hopkins v. Bacon,282 U.S. 122 (1930). *79 The second issue is whether requiring petitioners to file a Federal income tax return and to pay Federal income tax violates any of their constitutional rights under the First, Fifth and Thirteenth Amendments to the Constitution. It is well settled that all of petitioners' constitutional objections in this case are frivolous. These issues have been fully discussed *80 in numerous prior opinions of this and other courts. United States v. Daly,481 F. 2d 28, 29-30 (8th Cir. 1973), cert. denied 414 U.S. 1064 (1973); Autenrieth v. Cullen,418 F. 2d 586, 588-589 (9th Cir. 1969), cert. denied 397 U.S. 1036 (1970); Hatfield v. Commissioner, 68 T.C. (September 12, 1977); Cupp v. Commissioner,65 T.C. 68, 77-81 (1975), affd. F. 2d (3d Cir. 1977); Riverfront Groves, Inc. v. Commissioner,60 T.C. 435, 440 (1973); Muste v. Commissioner,35 T.C. 913, 918-920 (1961). Petitioners have to pay their taxes, and no amount of disagreement with Government policy or action will exempt them. The final issues are whether petitioner Nila A. Brewster is liable for an addition to the tax under section 6651(a) for failure to timely file her return and whether both petitioners are liable for additions to tax under section 6653 (a) for negligent underpayment of taxes. Section 6651(a)(1) provides that an addition to tax will be imposed unless a taxpayer shows that the late filing of his return was due to reasonable cause. The document filed by petitioner *81 Nila A. Brewster is not an income tax return because it does not contain any information setting out petitioner's income and deductions from which the tax can be computed. United States v. Porth,426 F. 2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970). Accordingly, Nila A. Brewster did not timely file a return; moreover, she presented no evidence establishing reasonable cause for this failure to timely file. Since the burden of proof rests on petitioner ( Fischer v. Commissioner,50 T.C. 164, 177 (1968)), we hold that she has failed to carry that burden and is liable for an addition to the tax under section 6651(a). Section 6653(a) provides for an addition to tax of 5 percent of the "underpayment" where any part of such underpayment is due to negligence or intentional disregard of rules and regulations. The record in this case supports the conclusion that petitioners intentionally disregarded the rules and regulations. We have held that in appropriate cases the negligence penalty may be assessed in addition to the late filing and payment penalty. Robinson's Dairy, Inc. v. Commissioner,35 T.C. 601, 609 (1961), *82 affd. 302 F. 2d 42 (10th Cir. 1962); Chimchirian v. Commissioner,42 B.T.A. 1437, 1442 (1940), affd. percuriam125 F. 2d 746 (D.C. Cir. 1942). Had it been established here that respondent relied solely on the circumstances of unaggravated late filing without reasonable cause to apply the negligence penalty, an issue would have been raised of whether congressional imposition of the specific late filing and payment penalty for this delict precluded the further cumulative assertion of the negligence penalty for the same failure. However, here it has not been shown that there were no other acts of negligence or intentional disregard of rules and regulations, and we need not reach that issue. See Estate of Haseltine v. Commissioner,35 T.C.M. 1242, 45 P-H Memo. T.C. par. 76,278 (1976). Since petitioners offered no evidence on the issue of negligence and the burden of proof was on them, Bixby v. Commissioner,58 T.C. 757, 791 (1972), we hold that petitioners are liable for additions to tax under section 6653(a). Decisions will be entered for the respondent. Footnotes
1. These cases were consolidated for trial, briefing and opinion.↩
2. All statutory references are to the Internal Revenue Code of 1954, as in effect in 1974. ↩
3. Respondent did not determine a section 6651(a) penalty against petitioner Jerry J. Brewster, even though the facts are the same in both cases.↩
4. Tex. Fam. Code Ann. tit. 1, sec. 5.01 (Vernon 1975) provides: (a) A spouse's separate property consists of: (1) the property owned or claimed by the spouse before marriage; (2) the property acquired by the spouse during marriage by gift, devise, or descent; and (3) the recovery for personal injuries sustained by the spouse during marriage, except any recovery for loss of earning capacity during marriage. (b) Community property consists of the property, other than separate property, acquired by either spouse during marriage. Tex. Fam. Code Ann. tit. 1, sec. 5.22 (Vernon, 1975) provides in part: (a) During marriage, each spouse has the sole management, control, and disposition of the community property that he or she would have owned if single, including but not limited to: (1) personal earnings;↩