CHARLES & ANITA E. ARMAGANIAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Armaganian v. Commissioner
Docket No. 4109-76.
United States Tax Court
T.C. Memo 1978-305; 1978 Tax Ct. Memo LEXIS 211; 37 T.C.M. (CCH) 1267; T.C.M. (RIA) 78305; August 7, 1978, Filed Charles Armaganian, pro se. Anthony Bruce, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined deficiencies in *213 petitioners' income tax and additions to tax as follows: Section
Section
Section Year
Taxpayer
Deficiency
6653(a) [1]
6651(a)(1)
6654
1969
Charles & Anita
$ 46.06
$ 2.30
$ 11.52 $ 1972
Charles & Anita
1,143.14
57.16
80.94
10.36 *
1973
Charles & Anita
1,038.96
51.95
126.95 *
16.25 *
1974
Charles
1,463.97
73.20
365.99 *
46.85 *
By amendment to his answer respondent increased the deficiencies and additions to tax under section 6653(a) (negligence penalty) as follows for 1973 and 1974: Section Year
Taxpayer
Deficiency
6653(a)
1973
Charles & Anita
$ 1,578.66
$ 78.93
1974
Charles
$ 1,887.04
94.35
The issues for decision are: 1. Whether petitioners are liable *214 under section 1401 for tax on self-employment income in 1969. 2. The amount of petitioners' income in 1972, 1973 and 1974. 3. Whether petitioners are entitled to use the joint return rates provided in section 1(a) in computing their tax liability for 1974. 4. Whether petitioners are liable under section 6651(a) for additions to tax for failure to timely file returns for 1969 and 1972. 5. Whether petitioners are liable under section 6653(a) for additions to tax for negligence or intentional disregard of rules and regulations for each of the years in issue. FINDINGS OF FACT At the time they filed their petition, Charles and Anita Armaganian resided in Whitesboro, New York. Anita is a party only by virtue of having filed joint returns with her husband. When we hereafter refer to petitioner, we will be referring to Charles. During the years in issue petitioner was employed by various companies and was also a self-employed consultant. During 1969 petitioner earned $ 667.51 in self-employment income.He filed a joint income tax return for 1969 in January 1975; on this return he failed to compute his self-employment tax liability. During 1972, 1973 and 1974 petitioner *215 earned wages in the following amounts: 1972
1973
1974
$ 8,318.05
$ 7,039.90
$ 12,918.01
In addition petitioner had gross earnings from self-employment during 1972 and 1973 as follows: 1972
1973
$ 755.95
$ 5,235.06
Petitioner failed to timely file income tax returns for 1972, 1973 and 1974, although he was aware of the filing requirements of sections 6011 (general requirement that a person liable for a tax will make a return) and 6012 (persons required to file income tax returns). As a result, respondent was forced to reconstruct petitioner's income for those years, relying in part upon information supplied by petitioner and in part on statistics compiled by the Bureau of Labor Statistics for the northeastern area of the United States. On February 11, 1976, respondent issued notices of deficiency for 1969 and 1972, 1973 and 1974. Thereafter petitioners filed a joint return for 1972 in April 1976 and a joint return for 1973 in April 1977. At the date of the hearing they had not filed a return for 1974. Prior to the trial of this case petitioner refused to show respondent any evidence to substantiate his gross income and his claimed *216 business expenses. Because of his failure to cooperate in any way with respondent's counsel, there was no stipulation of facts in this case. Respondent caused a subpoena duces tecum to be served on petitioner prior to trial requiring petitioner to produce at trial his books of account, ledgers, diaries, receipts from third parties, cancelled checks, retained copies of deposit slips, monthly bank statements, and similar documents substantiating his income and deductions for the years 1972, 1973 and 1974. Petitioner refused to produce the bulk of the records called for. He did, however, produce his W-2 forms and did prove the amount of his gross income for 1972, 1973 and 1974. OPINION The first issue is whether petitioner is liable for tax on his self-employment income in 1969. During 1969 petitioner had net earnings of $ 667.51 from self-employment, but he failed to compute his self-employment tax liability on his 1969 income tax return. At the hearing herein petitioner did not dispute his liability for the tax. Instead, petitioner explained that he failed to include the liability on his return because he thought his earnings were too low to be subject to the tax. However, *217 section 1402(b) provides, with exceptions not applicable here, that only individuals with net earnings from self-employment of less than $ 400 are exempt from the self-employment tax. In view of the fact that petitioner had $ 667.51 in net earnings from self-employment, we conclude that he is liable for tax on his self-employment income in 1969. The next issue is the amount of petitioner's adjusted gross income for 1972, 1973 and 1974. With respect to 1972, respondent determined that petitioner had gross income and adjusted gross income in the amount of $ 9,074 [2] in that year. Petitioner is in agreement with the computation of his gross income but asserts that he is entitled to business expense deductions in the amount of $ 2,060.77. However, he has presented no evidence whatsoever to substantiate the claimed deduction and he failed to obey a subpoena duces tecum requiring him to bring his records to the hearing in this case. As a consequence, we hold that petitioner's adjusted gross income for 1972 was $ 8,924.00. [3]
*218 Respondent determined in his statutory notice that petitioner had gross income for 1973 of $ 7,872.06 and for 1974 of $ 7,911.00. In an amendment to his answer to conform the pleadings to the proof [4] respondent increased the amounts to $ 12,274.96 for 1973 and $ 12,918.01 for 1974. With respect to 1973, respondent increased petitioner's gross income in his amendment to reflect petitioner's income derived from self-employment. However, respondent at the same time disallowed in their entirety petitioner's claimed deductions attributable to the self-employment income. Respondent bears the burden of proof with respect to the increases in the deficiencies arising from his amendment to his answer. Rule 142(a), Tax Court Rules of Practice and Procedure. He attempts to meet this burden by way of petitioner's admission that his gross earnings for 1973 and 1974 are the amounts reflected in respondent's *219 amendment to his answer. We find that respondent has met his burden with respect to 1974 but not as to 1973. In 1973 petitioner reported $ 5,235.06 gross income from his self-employment activities and claimed $ 3,953.71 expenses in connection with those activities. Respondent asserts that none of these expenses is allowable since petitioner has failed to substantiate any of the items. Respondent, however, would normally bear the burden of proof with respect to this issue, and there is no evidence in the record regarding these expenses because petitioner failed to obey a subpoena duces tecum requiring him to submit his business records to this Court. This failure occurred despite repeated attempts by respondent and by the Court to obtain petitioner's cooperation. Under the circumstances it would be unfair to require respondent to bear the burden of proving the amount of petitioner's business expenses. We therefore impose upon petitioner as a sanction for refusal to obey a proper subpoena duces tecum of this Court the determination that his alleged business expenses of $ 3,953.71 in 1973 are not considered substantiated and they are disallowed as a deduction. Rule 123, Tax Court *220 Rules of Practice and Procedure. We realize this causes petitioner to be taxed on gross income in 1973. This result is of petitioner's own making. We therefore find that petitioner had adjusted gross income of $ 12,274.96 for 1973. As to 1974, respondent presented evidence establishing that petitioner earned wages totalling $ 12,918.01 in that year. On the basis of this evidence, we conclude that petitioner had adjusted gross income of $ 2,918.01 in 1974. The next issue for decision is whether petitioner is entitled to use the joint return rates provided in section 1(a) in computing his tax liability for 1974. [5] Petitioner contends that in computing his tax liability he has always used joint returns and that respondent should have given him the benefit of the joint return rate when respondent computed his (petitioner's) tax liability for 1974. We disagree. *221 Section 6013(a) provides that, with some exceptions, a husband and wife may make a single return jointly of their income. The benefits of joint rates are predicated on the filing of a joint return. No other method (including petitioner's request at trial) for obtaining the benefits of the joint return rates is provided. Dritz v. Commissioner,28 T.C.M. 874, 38 P-H Memo. T.C. par. 69,175 (1969), affd. 427 F. 2d 1176 (5th Cir. 1970). Here, petitioner at no time filed a joint return for 1974 and is therefore not entitled to use the joint return rates of section 1(a). Respondent further asserts that petitioner is liable for additions to tax under section 6651(a) for 1969 and 1972 for failure to timely file his returns, and under section 6653(a) for 1969, 1972, 1973 and 1974 for negligent underpayment of taxes. Section 6651(a)(1) provides that an addition to tax will be imposed unless petitioner shows that the late filing of his return was due to reasonable cause. [6] Petitioner bears the burden of proof on this issue. Fischer v. Commissioner,50 T.C. 164, 177 (1968). Petitioner testified that he did not think it was necessary to *222 timely file a return if he owed no tax and was entitled to a refund. We have previously held that such belief does not constitute reasonable cause. Graham v. Commissioner,25 T.C.M. 876, 35 P-H Memo. T.C. par. 66,169 (1966). Since petitioner presented no other explanation for his late filing, we hold that he has failed to carry his burden and is liable for the additions to tax under section 6651(a). Section 6653(a) provides for an addition to tax of 5 percent of the "underpayment" where any part of such underpayment is due to negligence or intentional disregard of rules and regulations.We have held that in appropriate cases the negligence penalty may be assessed in addition to the late filing and payment penalty. Robinson's Dairy, Inc. v. Commissioner,35 T.C. 601, 609 (1961), *223 affd. 302 F. 2d 42 (10th Cir. 1962); Chimchirian v. Commissioner,42 B.T.A. 1437, 1442 (1940), affd. percuriam125 F. 2d 746 (D.C. Cir. 1942). The burden of proof again rests on petitioner, Bixby v. Commissioner,58 T.C. 757, 791 (1972), and we are of the opinion that he has failed to meet his burden. In fact, the evidence demonstrates petitioner's intentional disregard of respondent's rules and regulations. Eptitioner, though required to maintain records of his income and expenses and to make those records available to respondent's agents (section 6001), willfully failed to obey a subpoenaducestecum regarding his records. In light of this fact and petitioner's admission that he may have erred in not paying any self-employment tax for 1969, we conclude that petitioner is liable for additions to tax under section 6653(a) for 1969, 1972, 1973 and 1974. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue. The penalties are for negligence or intentional disregard of rules and regulations (section 6653(a)), failure to file returns by prescribed date (section 6651(a)(1)), and failure to pay estimated tax (section 6654). ↩
*. At trial respondent conceded that petitioners are not liable for these additions to tax.↩
2. On brief respondent concedes that this amount should be reduced by $ 150 to reflect "sick pay" received by petitioner in 1972. ↩
3. See footnote 2.↩
4. Petitioner was apparently of the view that if he could prove respondent's determination to be in error in ny respect (i.e., incorrect gross income), he would prevail. The Court was unable to persuade petitioner that it would be to his advantage to substantiate his deductions.↩
5. On brief respondent concedes that petitioner is entitled to use joint rates for 1972 and 1973. Rev. Rul. 72-539, 1972-2 C.B. 634. But see Durovic v. Commissioner,54 T.C. 1364, 1401-1402 (1970), affd. on this issue 487 F. 2d 36, 41-42 (7th Cir. 1973), cert. denied 417 U.S. 919↩ (1974).
6. Section 6651(b) provides that the amount of tax required to be shown on the return for purposes of section 6651(a)(1) shall be reduced by the amount of any tax paid on or before the date prescribed and any credit against the tax which may be claimed on the return. See Harris v. Commissioner,51 T.C. 980, 986-987↩ (1969). Here petitioner's tax liability for 1969 and 1972 exceeds the amounts withheld.