ERVIN A. CRISMAN, JR., and EVELYN A. CRISMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Crisman v. Commissioner
Docket No. 5632-78.
United States Tax Court
T.C. Memo 1980-361; 1980 Tax Ct. Memo LEXIS 228; 40 T.C.M. (CCH) 1159; T.C.M. (RIA) 80361; September 8, 1980, Filed Ervin A. Crisman, Jr., and Evelyn A. Crisman, pro se. Thomas G. Potts, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined deficiencies in petitioners' 1976 income tax, plus additions to the tax under section 6651(a)(1) [1] for failure to file tax returns, under section 6653(a) for disregard of rules and regulations, and under section 6654 for failure to pay estimated taxes, as follows: Income Tax
Petitioner
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)
Sec. 6654
Ervin A. Crisman
$914
$149.75
$45.70
$19.42
Evelyn A. Crisman
914
149.75
45.70
19.42
The issues for decision are: 1. Whether petitioners received $16,500.70 of community property income in 1976, half of which is taxable to each petitioner. 2. Whether *230 both petitioners are liable for additions to tax under section 6651 for failure to file a return. 3. Whether both petitioners are liable for additions to tax under section 6653 for negligence or intentional disregard of rules and regulations. 4. Whether both petitioners are liable for additions to tax under section 6654 for failure to pay estimated taxes. FINDINGS OF FACT Some of the facts have been stipulated by the parties and are found accordingly. At the time they filed their joint petition, Ervin A. Crisman and Evelyn A. Crisman resided in Stanton, Texas. During the year in issue petitioners were husband and wife. During 1976 Ervin worked for Roberts Auto Supply as a machinist. In that year he was paid $16,500.70 in wages, from which $630 was withheld for federal income taxes. Ervin filed a Form 1040 for 1976 with thirty-four pages of irrelevant attachments which disclosed nothing regarding his income or deductions but included various newspaper and magazine clippings. On Form 1040 Ervin entered his name, address and amount of federal income tax withheld. He also checked the married-filing-separately box and declared himself as an exemption. On each of *231 the remaining lines of the Form 1040 Ervin entered two asterisks; he reported no deductions or credits. The Form 1040 was signed by Ervin and dated April 14, 1977. Evelyn Crisman did not file a tax return for 1976. On March 14, 1978, respondent mailed to each petitioner a notice of deficiency. Each notice reflected a $914 deficiency. These deficiencies were based on the assumption that Ervin's wages were community property. Respondent reduced each petitioner's $8,250.35 gross income by one exemption, the applicable standard deduction and a general tax credit. OPINION The first issue is whether petitioners received community income during 1976, half of which is taxable to each. Petitioners argue that "[wages] paid for labor is an equal exchange for money, no gain, no profit, and does not have the essential elements of taxable income." Petitioners premise their argument on the Sixteenth Amendment. Petitioners' argument is completely without merit. Compensation received in exchange for services rendered is reportable gross income. Brushaber v. Union Pacific R.R. Co.,240 U.S. 1 (1916); Tyee Realty Co. v. Anderson,240 U.S. 115 (1916). *232 "Income", under the Sixteenth Amendment is the "gain derived from capital, from labor or from both combined." Eisner v. Macomber,252 U.S. 189, 207 (1920). Section 61 encompasses all realized accessions to wealth. Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955). We reject petitioners' argument that "wages" do not constitute taxable income under section 61(a). [2]
Petitioners' total income in 1976 was derived from the wages earned by Ervin. Under the laws of Texas, the personal earnings of a husband and wife during marriage constitute community property. Tex. Fam. Code Ann. tit. 1, secs. 5.01 and 5.22 (Vernon 1975); [3] see also 3 Simpkins, Texas *233 Family Law, par. 15:43, p. 105 (Speer's 5th Ed. 1976). One half of petitioners' total earnings is taxable to each petitioner. Hopkins v. Bacon,282 U.S. 122 (1930). The second issue is whether petitioners are liable for additions to tax under section 6651(a) for failure to file timely returns. Section 6651(a)(1) provides that an addition to tax will be imposed unless a taxpayer shows that the late filing of his return was due to reasonable cause. The document filed by Ervin is not an income tax return because it does not contain any information setting out petitioner's income and deductions from which the tax can be computed. *234 United States v. Porth,426 F. 2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970); Cupp v. Commissioner,65 T.C. 68 (1975), affd. without published opinion 559 F. 2d 1207 (3d Cir. 1977). Accordingly, Ervin did not timely file a return. We have previously held that Evelyn had gross income in 1976 of $8,250.35. Consequently, she was required to file a return for that year. Secs. 6011, 6012. Despite this statutory requirement, she did not file a return nor any document purporting to be a return. The taxpayer bears the burden of proving that the failure timely to file was due to reasonable cause. Fischer v. Commissioner,50 T.C. 164, 177 (1968). Neither petitioner presented any evidence establishing reasonable cause for his or her failure to file a timely return. Both petitioners relied on their beliefs that they owed no taxes. We have previously held that such erroneous beliefs do not constitute reasonable cause. [4] Accordingly, petitioners are liable for additions to tax under section 6651(a). *235 The third issue is whether petitioners are liable for additions to tax under section 6653(a) for negligence or intentional disregard of rules and regulations. Section 6653(a) provides for an addition to tax of 5 percent of the "underpayment" where any part of such underpayment is due to negligence or intentional disregard of rules and regulations. We have held that the negligence penalty may be assessed in addition to the failure to file penalty, Robinson's Dairy, Inc. v. Commissioner,35 T.C. 601, 609 (1961), affd. 302 F. 2d 42 (10th Cir. 1962), provided it has not been established that respondent relied solely on the circumstances of unaggravated late filing without reasonable cause to apply the negligence penalty.[5] The burden of proof on the negligence issue again rests on petitioner. Bixby v. Commissioner,58 T.C. 757, 791 (1972). We have found that petitioners failed to report their income in 1976. No acceptable, non-frivolous explanation has been offered for this omission. [6] Accordingly, we sustain *236 respondent's determinations. The final issue is whether petitioners are liable for additions to tax under section 6654 for failure to pay estimated taxes. This addition is mandatory and unless petitioners show that they fit within one of the exceptions listed in section 6654(d), it "is imposed whether or not there was reasonable cause for the underpayment." Sec. 1.6654-1(a)(1), Income Tax Regs.; Estate of Ruben v. Commissioner,33 T.C. 1071, 1072 (1960). Petitioners have not shown the applicability of any of the exceptions. To reflect the foregoing, Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
2. Petitioners also contend that the W-2 Form prepared by Ervin's employer and introduced into evidence in this case, does not establish what is their gross income under section 61. We need not address this issue, however, for it is clear that an employer's W-2 may form the basis of respondent's determination. Petitioners have the burden of proving that respondent's determination is incorrect, Rule 142(a), Tax Court Rules of Practice and Procedure↩, which, in this case, they have failed to do.
3. Tex. Fam. Code Ann. tit. 1, sec. 5.01 (Vernon 1975) provides: (a) A spouse's separate property consists of: (1) the property owned or claimed by the spouse before marriage; (2) the property acquired by the spouse during marriage by gift, devise, or descent; and (3) the recovery for personal injuries sustained by the spouse during marriage, except any recovery for loss of earning capacity during marriage. (b) Community property consists of the property, other than separate property, acquired by either spouse during marriage.↩
4. See, e.g.,Armaganian v. Commissioner,37 T.C.M. 1267, 47 P-H Memo. T.C. par. 78,305 (1978); Graham v. Commissioner,25 T.C.M. 876↩, 35 P-H Memo. T.C. par. 66,169 (1966).
5. See Estate of Haseltine v. Commissioner,35 T.C.M. 1242↩, 1245, 45 P-H Memo. T.C. par. 76,278 (1976).
6. The only explanation offered by petitioners was that they believed they had no income to report. Given the well-settled status of wages as income, such beliefs are frivolous and do not absolve petitioners from the negligence penalty. See, e.g.,Wangrud v. Commissioner,T.C. Memo. 1980-162↩.